Dear Mr. Sanner:
Our behalf of the Cameron Parish Police Jury you have requested an opinion of our office regarding whether the execution of a additive change order to an existing public works contract would be in violation of the Louisiana Public Bid Law. The Police Jury accepted a low bid of $97,976.00 to furnish an asphalt overlay of Broussard Road in Cameron Parish. The Police Jury now wishes to expand the project to construct a soil, cement and asphalt overlay on nearby Kathy Road. The engineer's estimate for this project is $44,702.00.
Under the Louisiana Public Bid Law, contracts for public works projects costing $100,000 or more must be advertised and let to the lowest responsive and responsible bidder. There are no provisions that set forth procurement requirements for smaller public works projects. Public works means the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used or leased by a public entity. LSA R.S. 38:2212A(1)(a) (d) and 38:2211A.(11).
Change orders are provided for in the Louisiana Public Bid Law at LSA-R.S. 38:2212A(4)-(7). The statute does not place any limit on the size or value of a change order, but does require that any change order be "within the scope of the contract". A change order "outside the scope of the contract" and in excess of the $100,000 contract limit must be let out for public bid. Change order means an alteration, deviation, addition or omission to a preexisting public work contract and a change order "within the scope of the contract" means a change order which does not alter the nature of the thing to be constructed and which is an integral part of the project objective. LSA R.S. 38:2211A.(2) 
(4).
A determination must first be made as to whether the changes in the work, specifically the asphalt overlay on Kathy Road, would be within the scope of the preexisting contract to overlay Broussard Road. Typically this would include an evaluation of the project description that was used in the legal advertisement for the work and in the introduction of the specifications. A review of the advertisement for the original project shows that the project was limited to the asphalt overlay of Broussard Road and nothing more. The original contract did not contemplate the possibility that additional roads would be added or included in the overall project.
It is therefore the opinion of this office that the proposed addition to the existing public works contract is outside the scope of the contract and cannot be the subject of a change order. However, because the amount of the additional public work is less than the contact limit the Police Jury may either negotiate the contract with the existing contractor alone, include other contractors in the negotiations, or it may let the contract out for public bids.
We trust that this answers your inquiry.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ RICHARD L. MCGIMSEY Assistant Attorney General
RPI/RLM/dam
Date Released: August 6, 2003